By the Court, Bronson, J.
The statute first declares void all bills and notes infected with usury, and then provides, that the section shall not extend to any negotiable bill or note in the hands of an endorsee Or holder, who received the same in good faith, for a valuable consideration, and without notice of the original taint of usury. (1 R. & 772, § 5.) It was, I think, enough for the defendant to show, in the first instance, that the note was usurious and void in the hands of the payees. That would cast on the holder the burden of showing that he paid a valuable consideration for the note. Whether it would be necessary for him to go beyond that, and show also that he took the note before due and in the usual course' of business, or whether the date of the indorsement and the fact of subsequent possession, would be sufficient prima facie evidence of good faith, is a question which we need not now consider. It is enough that the defendant’s offer to show the note usurious, was rejected, unless he would first prove that the testator had notice of the usury.
The question is substantially the same in England as it was with us prior to the usury act of 1837. The statute of Anne first declared void all contracts infected with usury. Then came the statute of 58 Geo. 3, c. 93, which provides that a note or bill, although originally usurious, shall not be' void in the hands of an indorsee for valuable consideration, unless he had notice of the usury. “ The operation of this ' 'statute,” says Mr. Chitty, “ seems to be, that if in an action on a bill of .note the defendant should succeed in establishing that it was founded on a usurious contract or consideration, then the plaintiff must prove that he gave value for it: añd then the defendant must 'show that the plaintiff nevefitireléss had notice of "the usury at the time he took the Security.” . (Chitty on Bills, 110, 652, ed. of 1839.) In Wyatt v. Campbell, (1 Moody & Mal. 80,) Lord Tenter *565 den held, that after proof of the usury, the onus lay on the indorsee, and he must show himself a bona fide holder. In Thomas v. Newton, (2 Carr, & Payne, 606,) the same learned judge held, that on the defendant’s proving that there was originally no consideration for the bill, the indorsee must prove that he gave value for it; and on his failing to show that, the defendant had a verdict. This is going further than our cases have gone. But it is the correct rule in relation to bills and notes tainted with usury, which are declared void by statute, except when in the hands of a bona fide holder for valuable consideration.
New trial granted.